**BRUSH et, Plaintiffs-Appellees, v. EASTERN MOTOR DISPATCH, INC., a corporation, Defendant-Appellant, and KINNEAR, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4402.   Decided October 5, 1950.

Wiles & Doucher, Columbus, for plaintiffs-appellees.

Knepper, White & Dempsey, William E. Knepper, of Counsel, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is an appeal on questions of law from a judgment for $7,000.00 for plaintiff, Earl Brush, and for $705.00 for plaintiff, Boston Insurance Company, against the defendant. There was also a judgment for plaintiff, Brush, on defendant's cross-petition.

This appeal is particularly directed to the judgment for plaintiff, Brush, against the defendant as the judgment of the plaintiff, Boston Insurance Company, is dependent upon the validity of the judgment in favor of Brush.

Eight errors are assigned:

(1) Refusal of the trial judge to direct a verdict for defendant.

(2) Overruling the motion for judgment notwithstanding the verdict.

These assignments raise the same question and will be considered together.

(3) Error in overruling motion for new trial.

(4, 5, 6, 7) Error in the general charge in particulars which we hereinafter discuss, and

(8) That the damages awarded to the plaintiff are excessive, appearing to have been given under the influence of passion and prejudice.

In discussing this appeal we refer to Earl Brush as the plaintiff and to the Eastern Motor Dispatch, Inc., as the defendant. The negligence charged against the defendant is that as plaintiff's automobile, moving on its right side of the highway, approached defendant's trailer and tractor, it was driving on its left and to avoid meeting it plaintiff drove to his left and across the highway, whereupon, defendant drove over to its right side of the road and the collision occurred.

The pertinent facts developed are that on the afternoon of October 20, 1947, the plaintiff was driving north on State Route No. 42, and had reached a place about four miles north of Cedarville. In front of him was a tractor and trailer being operated by Russell Guthermuth. These cars were moving at about 40 miles per hour and plaintiff had been following the Guthermuth outfit for several miles.

Route 42 is a two-lane highway. The driver of the outfit ahead of plaintiff suddenly flashed his rear lights, put on his brakes, slackened his speed and drove to his right and, according to his statement, almost completely off the traveled portion of the highway. He testified that his sudden stop and movement to the right and off the highway was to avoid collision with the tractor and 'trailer of defendant which was moving south on said highway and on the left or its wrong side of the road. Upon plaintiff observing the movement to its right of the truck ahead of him he turned somewhat to his right and then to the left but while still on his right side of the road observed the tractor and trailer of defendant approaching him on its left side of the road, whereupon, to avoid collision with the truck of defendant, plaintiff steered to the left across the highway and came to a stop over and beyond the left side thereof. At the time that Guthermuth began to stop plaintiff says he was 75 to 100 feet back of Guthermuth. The driver of defendant's tractor and trailer testified that he at no time was off his right side of the road, that plaintiff suddenly drove from behind the Guthermuth truck onto and across defendant-driver's path where the collision occurred at or near the right edge of the traveled portion of the west side or defendant's side of the highway.

**THE FIRST AND SECOND ASSIGNMENTS OF ERROR.**

Assuming that the plaintiff did violates the Assured Clear Distance Ahead Statute and was therefore negligent as a matter of law, was the question of proximate cause of the collision one of fact for the jury? In our judgment it was upon the authority of **Glasco v. Mendelman, 143 Oh St 649.** This conclusion disposes of the assignments of error testing the action of the court in overruling the motions for directed verdict and for judgment notwithstanding the verdict. The application of the Statute to the factual development could be discussed but as the plaintiff has not availed himself of the right to have the question decided we do not consider it **Sec. 12223-21a GC.**

**THE 4th, 5th, 6th AND 7th ASSIGNMENTS OF ERROR.**

The plaintiff alleged that as a result of the collision he suffered a bump on his head, concussion of the brain, cuts over his right eye, constant headaches, a fracture of the right knee cap requiring surgical operation to repair which operation will leave a permanent scar, that he was required to remain in the hospital for nine days and thereafter confined to his bed at his home for a period of several weeks. His loss of time is set up as are medical, hospital and ambulance services incurred. Proof was offered to support most of the

averments as to the extent of the injuries, as pleaded. During the testimony of a doctor who attended plaintiff some questions were propounded intended to elicit answers respecting the permanency of the injuries suffered by the plaintiff. At the time of the objection to the questions by counsel for the defendant the admission was made that the scar on plaintiff's knee was permanent, but it was urged that no other permanent injury was pleaded. The trial judge refused to permit the questions to be answered.

In the general charge as an element of damages the jury was told that it could consider any pain and suffering that "it is reasonably certain that the plaintiff will suffer in the future" and also that "in considering question of measure of damages, if you reach that point, you will consider the character of the injuries as being permanent or otherwise as to their duration." These charges are made the subject of assignments of error.

The averment that the injury would cause a scar on plaintiff's knee charged a permanent injury which the jury had a right to evaluate.

It also appeared from the evidence that the plaintiff had at intervals from the time of his injury suffered headaches and aches from the injury to the knee and it is reasonable to conclude that they would continue for sometime in the future. The headaches and the evidence respecting the ache from the injury to the knee could be said to be such suffering as naturally flowed from the injury pleaded. **Cincinnati Traction Co. v. Smith, 14 Oh Ap 389.** The difficulty respecting both of these elements of damage is that the jury had no means of determining how long in the future, less than permanently, the plaintiff would suffer from them. Thus, if they would award damages for this suffering, and it could have been done under the charge, such an award would be speculative without some expert testimony advising the jury of the probable time in the future that the suffering of plaintiff would continue. This issue could not properly be determined by the jury nor do we have any measuring stick by which we can order a remittitur.

The charge of the court respecting future pain and suffering was erroneous upon the evidence and was prejudicial to the defendant.

The court also charged the jury on the question of the concurrent negligence of the defendant and Guthermuth, the driver of the truck ahead of plaintiff's automobile, and said that where two parties were negligent and their negligence concurring or cooperating caused injury to another that both

were liable and that the injured person could make choice as to whom he would sue. This charge was gratuitous and not required but we cannot say that it prejudiced the defendant because the plaintiff was relying upon the negligence of the defendant as pleaded. If the charge had any effect whatever on the issues it would be to suggest that possibly Guthermuth could be found to be negligent but that it would reflect in any manner upon the right of the plaintiff to recover against the defendant cannot be concluded.

### EIGHTH ASSIGNMENT OF ERROR.

We find nothing to support the claim that the damages awarded are excessive or were given under the influence of passion and prejudice.

It follows from what we have said that the 3rd assignment of error, the overruling of the motion for new trial, is well made and that the charge in the particular which we have discussed was prejudicial to the defendant. For these reasons the judgment will be reversed and the cause remanded for new trial.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.