TROICKY, APPELLEE, *v.* VAIL TRANSPORTATION, INC., APPELLANT.

[Cite as Troicky v. Vail Transportation, Inc., 14 Ohio App. 2d 108.]

Messrs. *Redmond & Ugan,* for appellee.
Messrs. *Arter, Hadden, Wykoff & Van Duzer* and *Mr. Robert E. Glaser,* for appellant.

Corrigan, C. J. This appeal on questions of law is lodged in this court from a jury verdict of $1,800 and judgment entered thereon in the Court of Common Pleas of Cuyahoga County. The action was for damages for personal injuries arising from a highway collision between a school bus operated by appellant, the Vail Transportation, Inc., and an automobile operated by appellee, Sergey Troicky. At the trial, Vail Transportation, Inc., admitted liability for the accident under facts which revealed that the school bus had run into the rear of Mr. Troicky's automobile.

Three assignments of error are listed as follows:

(1) The verdict of the jury is against the weight of the evidence as to plaintiff's damages and is not sustained by sufficient evidence.

(2) The court erred in allowing testimony in answer to a hypothetical question containing facts not in the evidence.

(3) The court erred in its general charge to the jury to which the defendant duly excepted.

We will first take up assignment of error number three. As part of his general charge to the jury, the trial judge included the following statement:

"You will note that plaintiff Sergey Troicky also claims that the injury is permanent and that he will experience pain in the future. As to such claim no damage

may be found except that which is reasonably certain to exist as a proximate result of the injury. You are not to speculate in regard to future damages. The law deals in probabilities and not mere possibiliites. In determing future damages you may consider only those things that you find from the evidence are reasonably certain to continue.''

Exception was duly taken to this portion of the charge and was summarily overruled. Appellant contends that, since there is absolutely no evidence in the record suggesting permanent injury to appellee, the objection to this instruction should have been sustained, and that the trial judge committed prejudicial error in refusing to correct it. We agree.

It is the established and settled law in Ohio that where a plaintiff's injuries are subjective in character and where there is no expert medical evidence suggesting future pain or permanent injury, an instruction to a jury concerning the possibility of damages for future pain is erroneous. See *Day* v. *Gulley* (1963), 175 Ohio St. 83; *Brush* v. *Eastern Motor Dispatch Motor, Inc.* (1950), 61 Ohio Law Abs. 219; *McCoy* v. *Gilbert* (1959), 110 Ohio App. 453; *Cusumano* v. *Pepsi-Cola Bottling Co.* (1967), 9 Ohio App. 2d 105. The rule is clearly stated in *Day* v. *Gulley, supra*, at page 86:

''* * * '* * * if the injury is of an objective nature (such as the loss of an arm, leg or other member) the jury may draw their conclusions as to future pain and suffering from that fact alone (the permanency of such injury being obvious); whereas there must be expert evidence as to future pain and suffering or permanency where the injury is subjective in character.' * * *''

Mr. Troicky's injuries were clearly subjective in nature, consisting of, immediately following the accident, ''big pain'' in his neck, chest and back and, five years later at the time of the trial, occasional pain in his back. The instruction to the jury clearly related to the possibility of future pain. Appellee argues that the trial judge did not really instruct the jury that there was evidence as to the permanency of appellee's injury, but only admonished the jury that they should not speculate on this factor unless they

found evidence to support it. The disputed instruction, however, strongly implies that some evidence exists on the issue. The last sentence reads, "in determining *future damages* you may consider only those things that you find from the *evidence* are reasonably certain to continue." (Emphasis added.) In point of fact, the jury could not consider future damages at all since there was no expert testimony as to the permanency of appellee's injuries.

Lastly, appellee asserts that even if the instruction was wrong, the error was not prejudicial to appellant. Appellee bases his argument on the fact that the jury returned a "modest verdict" of only $1,800 in favor of appellee even though he proved out-of-pocket expenses of $165 and suffered undisputed pain for five years preceding his trial. According to the record, however, only $65 of the $165 was attributable to appellee's medical expenses. Furthermore, appellee testified that all his pains ceased within a few months of the accident except for the intermittent back pain which, as he stated, he had not felt for nearly a year prior to trial. Therefore, we cannot assume from the size of this verdict that the jurors were not influenced by the erroneous charge or that they based their award solely on past damages.

Assignment of error number three is, therefore, sustained as being prejudicially erroneous to the substantial rights of appellant.

The other claims of error are overruled.

The judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

WHITE and ARTL, JJ., concur.